BREINIG BROS., Inc., v. UNITED STATES.

No. 49408.

United States Court of Claims.
March 3, 1953.

Milton Small, New York City, Monroe Goldwater, Robert Conrad and Goldwater & Flynn, New York City, on the briefs, for plaintiff.

Floyd L. France, Washington, D. C., James M. McInerney, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

WHITAKER, Judge.

This case is before us on defendant's motion for summary judgment and plaintiff's motion for summary judgment on the issue of liability alone. Plaintiff, a lessee of property in Hoboken, New Jersey, claimed that it suffered damages when the defendant acquired the fee to the property and its lease was terminated, for which it seeks to hold defendant liable.

Plaintiff's claim was referred to us by an Act of Congress approved August 24, 1949, 63 Stat. 1169, which reads as follows:

"*Be it enacted by the. Senate and House of Representatives of the United States of America in Congress assembled,* That jurisdiction be, and the same hereby is, conferred upon the United States Court of Claims to hear and determine, and render judgment upon, the claim of Breinig Brothers, Incorporated, against the United States for alleged damages caused by the forced eviction by the Navy Department of said claimant from the premises occupied by Breinig Brothers, Incorporated, at Hoboken, New Jersey.

"*Sec. 2.* Proceedings for the determination of said claim shall be had in the same manner as in cases of which said court has jurisdiction under the provisions of section 145 of the Judicial Code, as amended: *Provided,* That suit hereunder shall be instituted within four months after the enactment of this Act: *Provided further,* That this Act shall be construed only to waive the immunity from suit of the Government of the United States with respect to the claim of said Breinig Brothers,

Incorporated, its successors or assigns, and not otherwise to affect any substantive rights of the parties."

Defendant says that this Act merely afforded a forum for the adjudication of plaintiff's claim, that it did not intend to confess liability or to enlarge the Government's liability for the damages claimed, if any, and that before the passage of the Act, the Government was not liable. We are of the opinion that defendant is correct.

The first section confers jurisdiction on this court to render judgment upon plaintiff's claim for "alleged damages caused by the forced eviction by the Navy Department of said claimant from [its] premises." It is at least doubtful that this section, considered alone, intended to enlarge the Government's liability, if any, for plaintiff's eviction from its premises. On the other hand, it is at least plausible to suppose that Congress merely intended to confer jurisdiction on this court to consider plaintiff's claim for these damages and to render judgment if there already existed a sound basis for liability. See, e. g., Hempstead Warehouse Corporation v. United States, 98 F.Supp. 572, 120 Ct.Cl. 291, 305; and F. Mansfield & Sons Co. v. U. S. (The Oyster Cases), 94 Ct.Cl. 397.

However, there can be no doubt of Congress' intention in view of the second proviso to section 2. This proviso reads:

"That this Act shall be construed only to waive the immunity from suit of the Government of the United States with respect to [plaintiff's claim] * * * and not otherwise to affect any substantive rights of the parties."

It seems plain, therefore, that Congress intended to give us jurisdiction to render judgment only if prior to the passage of the Act the Government was liable for the damages claimed.

Plaintiff admits that without this special Act the defendant was not liable. In United States v. Petty Motor Co., 327 U.S. 372, 66 S.Ct. 596, 90 L.Ed. 729; United States v. Westinghouse Electric & Manufacturing. Co., 339 U.S. 261, 70 S.Ct. 644, 94 L.Ed. 816; United States v. Gen-

eral Motors Corp., 323 U.S. 373, 65 S.Ct. 357, 89 L.Ed. 311, it was held that in a condemnation suit the Government is not liable to a lessee where the fee is taken.

Plaintiff had originally owned the premises in question, but had conveyed them to the Morewood Realty Corporation, which then executed a lease to A. R. DeVos, president of plaintiff, who then assigned the lease to plaintiff. Another tenant of a portion of the premises conveyed to the Morewood Realty Corporation, who was manufacturing precision instruments for the United States, wanted to enlarge its premises by taking in the property leased by plaintiff. There were some negotiations between the parties but these never materialized, and the Government started condemnation proceedings, so it could lease the property to this other tenant. Judgment of condemnation was entered on June 7, 1943.

█ This judgment, however, was later vacated, after the defendant had purchased the property from the Morewood Realty Corporation for a consideration of $127,500. Of this amount plaintiff received $44,859.75, pursuant to a prior agreement entered into between plaintiff and the Morewood Realty Corporation, which provided for a termination of plaintiff's lease on the vesting of title in the United States, and the payment to plaintiff of all the consideration received for the property above $80,000, less taxes and cost of sale.

At the time of the purchase plaintiff was a lessee of the property, and under its agreement with the owner its lease terminated when the United States purchased it. Had the judgment of condemnation stood, plaintiff, being a lessee, would not have been entitled to recover from the United States, under the authority of the above cited cases; nor is it entitled to recover from the United States under the deed from the owner to the United States, dated June 29, 1943, in view of the agreement between it and the landlord providing for the termination of the lease, for a consideration, upon the vesting of title in the United States.

Defendant was not liable before the passage of the special jurisdictional Act. Indeed, the whole basis of plaintiff's argument is that there was no liability on the United States before the passage of this Act and, therefore, the only purpose of its passage, it says, was the creation of liability. Whatever may have been the intention of Congress in passing it, we feel quite sure that it was not its intention to create any liability on the United States, if none existed before its passage.

The only indication of Congress' intention in the passage of the Act, other than what the Act itself says, is the statement in the House Committee Report and the statement in the Senate Committee Report. The House Committee Report states:

"The bill merely confers jurisdiction upon the Court of Claims so that it may hear and determine the claim of Breinig Bros., Inc., against the United States for damages caused by the forced eviction by the Navy Department of said claimant for the premises occupied by Breinig Bros., Inc., at Hoboken, New Jersey.

\* \* \* \* \* \*

"The evidence submitted to the Committee is somewhat conflicting and it is the opinion of the Committee that it should be referred to the Court of Claims for consideration. \* \* \*"

The Committee does not say in what respect the evidence is conflicting, but whatever the conflict was, the Committee evidently did not care to undertake to resolve it, and referred it to this court for that purpose.

Likewise the Senate Report states:

"It may be, and the company states that it has been advised, that there is no legal liability on the part of the Government for any incidental damages caused by the delay mentioned above. It appears that the lessor is responsible for any damage suffered but the information available to the Committee is inadequate and conflicting and it would be presuming to attempt to arrive at a conclusion on the merits of this claim."

It, therefore, referred it to this court for determination.

It seems clear to us that the Congress in referring the claim to us intended that we should decide it upon the basis of the liability of the defendant as it existed prior to the passage of the Act. Since there was no liability before the passage of the Act, defendant's motion for summary judgment must be granted, and plaintiff's motion for summary judgment denied and its petition dismissed.

It is so ordered.

JONES, Chief Judge, and HOWELL, MADDEN, and LITTLETON, Judges, concur.